UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALLANA BARONI,<br><br>    Debtor,<br>_____<br><br>ALLANA BARONI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants and Appellees. | No.   CV 16-7226 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 1:12-bk-10986-MB<br>Adversary Case No. 1:13-ap-1070-MB |

Before the Court is an appeal filed by counsel for plaintiff and appellant Allana Baroni ("Baroni") challenging an order issued by the United States Bankruptcy Court for the Central District of California. That order granted a Motion for Sanctions brought pursuant to Federal Rule of Bankruptcy Procedure 9011 by defendants and appellees Green Tree Servicing LLC (now known as Ditech Financial LLC), Bank of America, N.A., Bank of America Corporation, and the Bank of New York Mellon (formerly known as the Bank of New York) as successor indenture trustee to JPMorgan Chase Bank, N.A. for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D (collectively, the "Banks" or "Defendants").

## I. Factual and Procedural Background

According to the docket in Bankruptcy Case No. 1:12-bk-10986-MB, Baroni filed a bankruptcy petition on February 1, 2012. Baroni commenced an adversary proceeding against the Banks on April 13, 2013. Baroni contends in the adversary proceeding that the Banks do not possess an interest in a mortgage loan she obtained. The Banks filed, on January 12, 2016, a Motion to Compel in the adversary proceeding seeking responses from Baroni to interrogatories and requests for production of documents they had propounded. At the time the Banks filed the Motion to Compel, Baroni was represented by Louis Esbin and Michael Riley. At the January 21, 2016 hearing on the Motion to Compel, the Bankruptcy Court granted the Motion to Compel, ordered Baroni to provide responses to the discovery propounded by the Banks, awarded the Banks their reasonable attorneys' fees as set forth in their Motion to Compel, and ordered Baroni to file a brief challenging the reasonableness of the requested fees by no later than February 5, 2016. The Bankruptcy Court additionally allowed the Banks until February 12, 2016, to file a response.

Baroni's did not file a brief on the day it was due. Instead, Richard Antognini sent an email to Defendants' counsel stating that he intended to substitute in as co-counsel for Baroni in place of Mr. Esbin. Mr. Antognini's email attached a copy of Baroni's brief concerning the reasonableness of the fees incurred by the Banks in bringing their successful Motion to Compel. On February 12, 2016, the Banks filed their responsive brief. The filing by the Banks included a copy of the brief Baroni had emailed to the Banks but not filed with the Bankruptcy Court. Also on February 12, 2016, Mr. Antognini filed a substitution of attorney with the Bankruptcy Court. The Bankruptcy Court entered an order awarding $9,409.26 in attorneys' fees and costs to Defendants for the costs incurred in bringing the Motion to Compel on February 24, 2016.

On March 7, 2016, Baroni filed a "Motion for Relief from the Order Compelling Plaintiff, Reconsideration of the Order Awarding Attorneys' Fees for Bringing Motion to Compel, or in the Alternative Request for Certification for Appeal and Stay Pending Appeal" (the "Motion for Relief"). On March 18, 2016, Defendants sent to Baroni's counsel

1  a letter pursuant to the safe harbor provision of Federal Rule of Bankruptcy Procedure 9011,
2  enclosing a Motion for Sanctions that Defendants intended to file if Baroni did not withdraw
3  her Motion for Relief by April 8, 2016.  When Baroni did not withdraw her Motion for
4  Relief by that date, Defendants filed their Motion for Sanctions.
5       The parties briefed both the Motion for Relief and the Motion for Sanctions and the
6  Bankruptcy Court conducted a hearing on both Motions on April 29, 2016.  At that hearing,
7  the Bankruptcy Court denied Baroni's Motion for Relief and granted the Motion for
8  Sanctions.  During the hearing, the Bankruptcy Court stated:

> Ms. Baroni may not like the order [on the Motion to Compel].
> She may think I'm wrong, but I don't think there's any question
> that this Court has jurisdiction to enter that order.  And so I'm
> really perplexed not only at her lack of compliance, but at this
> motion of reconsideration.  There's been no change in the law.
> There have been no newly discovered facts that alter my decision
> on a discovery dispute.

(Excerpts of Record ("ER") Vol. 4, 975:15-21.)  The Bankruptcy Court also stated:

> I don't think that your client has been deprived of due process.  I
> think she's getting a lot of due process actually.  And I don't see
> that you've as a threshold met the requirements for
> reconsideration.

(Id. at 976:7-10.)  The Bankruptcy Court then concluded that for purposes of the Motion for
Sanctions, Baroni's Motion for Relief was frivolous and that the sanctions requested by the
Banks should be assessed against Baroni's counsel rather than against Baroni herself:

> I don't think I have enough of a record to discern what the
> purpose was.  I mean, in some ways, you know, otherwise sort of
> every frivolous motion is tactical.  So I'm not going to, at this
> point, I'm not going to go that far . . . I don't know what the
> purpose was, but it was not well taken.  It was frivolous and so

> I'm going to, at this point, based on the record I have before me limit [the sanctions] to the attorneys.

(Id. at 982:7-15.) The Bankruptcy Court entered orders denying the Motion for Relief and granting the Motion for Sanctions on August 18, 2016. The order granting the Motion for Sanctions states:

> The Court, finding that service was proper, and adopting the findings of fact and conclusions of law made at the hearing, finds and concludes that the claims, defenses, and other legal contentions raised in the Motion for Relief were not warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law. The Court further finds and concludes that the attorneys' fees and costs sought by Defendants as sanctions are reasonable and awardable as damages caused by the frivolous filing of the Motion for Relief.

(Id. at 1073.) Baroni's counsel filed a Notice of Appeal on August 31, 2016. (Id. at 1068.)

In the appeal, Baroni's counsel contend that the Bankruptcy Court erred by sanctioning them pursuant to Federal Rule of Bankruptcy Procedure 9011 when the sanctions award arises out of a discovery dispute and by failing to provide detailed reasons explaining the basis for the sanction imposed.

## II. Standard of Review

Courts analyzing sanctions under Federal Rule of Bankruptcy Procedure 9011 "commonly rely on cases interpreting [Federal Rule of Civil Procedure] 11." In re DeVille, 361 F.3d 539, 550 n.5 (9th Cir. 2004); see also In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir. 1991) ("The language of Rule 9011(a) is virtually identical to that of [Rule 11], and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases."). Appellate review of Rule 9011 sanction orders is "conducted under the same standard applicable to an order of sanctions under Rule 11 . . . ." In re Taylor, 884 F.2d 478, 480 (9th

Cir. 1989). According to the Ninth Circuit, "factual findings relied on by the court to establish a violation of the rule are reviewed under the clearly erroneous standard, the legal conclusion that the facts constitute a violation of the rule is reviewed de novo, and the appropriateness of the sanction imposed is reviewed for an abuse of discretion." Id. [1/]

### III. Discussion

Baroni's counsel assert that the Bankruptcy Court impermissibly sanctioned them pursuant to Federal Rule of Bankruptcy Procedure 9011 despite Rule 9011's inapplicability to discovery disputes. Specifically, Baroni's counsel contend that Rule 9011(d), which states that the sanctioning authority established by Rules 9011(a) through (c) "do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037," precludes the Bankruptcy Court's Rule 9011 sanction because the Motion for Relief "arose out of a discovery dispute." Fed. R. Bankr. P. 9011(d).

As an initial matter, Baroni's counsel did not raise the applicability of Rule 9011(d) in either their Opposition to the Banks' Motion for Sanctions or during oral argument before the Bankruptcy Court. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." In re America West Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir. 2000). According to the Ninth Circuit, one "exceptional circumstance" is "when the issue is one of law and either does not depend on the factual record, or the record has been fully developed." Id. Here, assuming that the application of Rule 9011(d) to the Motion for Relief seeking reconsideration of the Bankruptcy Court's order compelling Baroni to respond to the discovery requests propounded by the Banks presents an issue of law that does not depend on the factual record, or that the factual record is fully developed, the Court nevertheless declines to

---

[1/] The Ninth Circuit has, on other occasions, applied an abuse of discretion standard "in reviewing all aspects of a [bankruptcy court's] imposition of Rule [9011] sanctions." In re Grantham Bros., 922 F.2d at 1441; see also In re DeVille, 361 F.3d at 547 ("This court reviews an award of sanctions for an abuse of discretion.").

exercise its discretion to resolve the issue. Instead, the Court concludes that Baroni and her counsel have provided no justification for their failure to raise the Rule 9011(d) argument before the Bankruptcy Court and that the Banks have suffered prejudice as a result of that failure.

Even if the Court were to exercise its discretion and reach the Rule 9011(d) issue despite Baroni and her counsel's waiver, the Court would conclude that the Motion for Relief is not subject to the limitation contained in Rule 9011(d) for "motions that are subject to the provisions of Rules 7026 through 7037." Fed. R. Bankr. P. 9011(d). Rules 7026 through 7037 state that Federal Rules of Civil Procedure 26 through 37 apply in adversary proceedings. See Fed. R. Bankr. P. 7026-37. Federal Rule of Civil Procedure 37(a)(1) applies to motions "for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Because the Motion for Relief did not seek an "order compelling disclosure or discovery," it is not a motion that is "subject to the provisions of Rules 7026 through 7037" and Rule 9011(d) is not applicable. Baroni's counsel cite no authority for the proposition that a Motion for Relief that "arose out of a discovery dispute" is governed by Rule 9011(d). The Court therefore rejects Baroni's counsel's Rule 9011(d) argument both because it was waived by not having been raised in the Bankruptcy Court and on the merits.[2]

Baroni's counsel additionally contend that the sanctions order should be reversed because the Bankruptcy Court did not comply with the requirements of Rule 9011(c)(3), which states: "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed. R. Bankr. P. 9011(c)(3). Contrary to Baroni's counsel's argument, this Court concludes that the Bankruptcy Court adequately described that the sanctions against Baroni's counsel were justified because "the claims, defenses, and other legal contentions raised in the Motion for

---

[2]  In the alternative, even if 9011(d) did apply, the Court would affirm the sanctions as within the Bankruptcy Court's authority pursuant to Rule 9037 and Federal Rule of Civil Procedure 37(a)(5)(B). See Patelco Credit Union v. Sahni, 262 F.3d 8897, 913 (9th Cir. 2001) ("The district court's [sanctions] orders may be affirmed on any ground finding support in the record.").

Relief were not warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law." (ER, Vol. 4, 1073.)  The Bankruptcy Court also explained at the hearing on the Motion for Sanctions that: "There's been no change in the law.  There have been no newly discovered facts that alter my decision on a discovery dispute." (Id. at 975:19-21; see also id. at 976-7-10 ("I don't think that your client has been deprived of due process.  I think she's getting a lot of due process actually.  And I don't see that you've as a threshold met the requirements for reconsideration.").)  These statements, which are adopted in the Bankruptcy Court's order granting the Motion for Sanctions (Id. at 1073), provide a sufficient basis for this Court to "make appellate review meaningful." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  The Bankruptcy Court therefore complied with the requirements of Rule 9011(c)(3). Moreover, the Bankruptcy Court committed no clear error and acted well within its discretion in concluding that the Motion for Relief was frivolous and failed to comply with the requirements for such a Motion.

**IV.    Conclusion**

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's order sanctioning Baroni's counsel pursuant to Federal Rule of Bankruptcy Procedure 9011.

IT IS SO ORDERED.

DATED:  March 23, 2017

Percy Anderson
UNITED STATES DISTRICT JUDGE